**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **CURTIS DEAN BURTCH, JR.,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **3:20-cv-40 (CAR)** |
| | : | |
| **CHRISTINA DESIREE JONES,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER DISMISSING RECAST COMPLAINT FOR FAILURE TO STATE A CLAIM**

Before the Court is Plaintiff's Amended Complaint [Doc. 5] filed in compliance with the Court's previous Order. [Doc. 4]. The Court has reviewed the Amended Complaint, liberally construed Plaintiff's allegations, and finds it fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED.**

In a previous Order [Doc. 4], the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP") [Doc. 3] but found that Plaintiff failed to state a claim pursuant to 42 U.S.C. § 1983. Instead of dismissing Plaintiff's Complaint, the Court directed Plaintiff to file an Amended Complaint, which the Court must now evaluate under 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915(e), a court must *sua sponte* dismiss an indigent nonprisoner's complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary

relief against a defendant who is immune from such relief.[1]  This statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[2]  A dismissal under 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[3] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'"[4]  As is its duty, this Court has scrutinized Plaintiff's Amended Complaint and has liberally construed all of Plaintiff's assertions. Plaintiff's case, however, must be dismissed for failure to state a claim.

As the Court informed Plaintiff in the previous order, to state a cognizable claim for deliberate indifference to a serious medical need under § 1983, Plaintiff must allege facts to show that he had an objectively serious medical need to which Defendant was deliberately indifferent.[5] To state a cognizable claim for failure to protect from harm under § 1983, Plaintiff must show (1) Defendant was aware of the existence of a

---

[1] 28 U.S.C. § 1915(e)(2)(b).
[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[3] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[4] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).
[5] *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

substantial risk of serious harm, (2) deliberate indifference to the risk, and (3) causation.[6]

Although Plaintiff cites plenty of constitutional law concerning his claims, he does not allege enough facts in his Amended Complaint to state a claim. In his Complaint, Plaintiff alleged that a fellow inmate burned him with boiling water, he sustained an injury, and was treated. In his Amended Complaint, Plaintiff alleges that because his injury occurred while he was in custody for a crime that he did not commit, liability for his injury therefore "falls under the 8th Amendment." [Doc. 5, p. 8] While Plaintiff names Deputy Warden Jones as the Defendant, he alleges no facts supporting any claim against her. Plaintiff claims he never received requested medical records from the hospital or the prison. He seeks money damages in the amount of $500,000 plus $250,000 for the loss of hearing in his left ear; however, Plaintiff fails to specify how Defendant neglected any of Plaintiff's medical needs. He alleges very few facts about his burn injury or his medical condition, whether Defendant knew of Plaintiff's medical condition, whether Defendant knew of a risk of serious harm to Plaintiff, or how Defendant was deliberately indifferent. In short, Plaintiff's allegations do not support the causes of action asserted.

**CONCLUSION**

Based on the foregoing, Plaintiff's Amended Complaint [Doc. 5] is **DISMISSED.**

---

[6] *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019).

SO ORDERED, this 10th day of July, 2020.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT